**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**NEW YORK MORTGAGE BANKERS INC**<br><br>        **Debtor(s)** | **CASE NO. 09-02852**<br>**Chapter 7**<br><br>**Adversary No. 14-00240** |
| **FIRSTBANK PR**<br><br>        **Plaintiff**<br>**vs.**<br><br>**WIGBERTO LUGO MENDER CHAPTER 7 TRUSTEE**<br><br>        **Defendant(s)** | <span style="color:red">**FILED & ENTERED ON 04/13/2015**</span> |

<u>**OPINION & ORDER**</u>

Before this court is Plaintiff, Firstbank Puerto Rico's ("Firstbank") Motion Requesting Dismissal of Counterclaim [Dkt. No. 15], and Defendant Wigberto Lugo Mender's, as Chapter 7 Trustee of the estates of New York Mortgage Bankers, Inc. & Ocean Bay Properties, Inc., ("Trustee") Opposition to Motion to Dismiss Counterclaim [Dkt. No. 16]. For the reasons set forth below, the Plaintiff's Motion to Dismiss Counterclaim is GRANTED.

**Factual Background**

On April 8, 2009, Debtor, Ocean Bay Properties, Inc. ("Ocean Bay") filed for relief under chapter 7 of the Bankruptcy Code, legal case number 09-02800 (BKT). On April 9, 2009, Debtor, New York Mortgage Bankers, Inc. ("New York Mortgage") followed suit with legal case number 09-

02852 (BKT). The appointment of the Trustee occurred on April 10 and 13, 2009 for the Ocean Bay and New York Mortgage estates, respectively. The first Section 341 meeting for both estates took place on May 6, 2009. On March 5, 2010, this Court entered an Order granting the consolidation and joint administration of both estates.

On May 21, 2009, before the consolidation, Plaintiff filed a proof of claim in each of the aforementioned bankruptcy cases. The claim filed by Plaintiff in New York Mortgage's case amounted to $1,565,522.32. Together with the proof of claim, Plaintiff filed as evidence of its security interest, a judgment ("Judgment") entered by the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Ward, on January 30, 2009, notified on February 5, 2009, in the case of Firstbank Puerto Rico vs. New York Mortgage, Inc., A/K/A New York Mortgage Bankers, Inc.; Nancy Hernández Chávez; and Ocean Bay Properties, Inc. (state court case number KCD2008-0640(903)). Through the Judgment, the court approved a stipulation reached by all the parties and ordered the defendants in the state court proceeding to pay Firstbank the money owed pertaining to the two causes of action in the lawsuit. In regards to the first cause of action, the court ordered the Debtors to pay $1,005,959.71 in principal, interest, and legal costs and fees and provided for the foreclosure of a mortgage note, secured by two properties. Regarding the second cause of action, Debtors were ordered to pay $590,511.62 in principal, interest, and legal costs and fees, and to assign in favor of Plaintiff four mortgage notes. Each note was secured by a different real property.

On August 17, 2010, the Trustee filed the Trustee Interim Report [Leading legal case Dkt. No. 96], pursuant to which he abandoned various assets, including the two properties in the first cause of action of the aforementioned Judgment. It should be noted that neither New York Mortgage nor Ocean Bay listed as property of the estate the notes or properties securing the four mortgage notes assigned in favor of the Plaintiff as a result of the state court Judgment for the second cause of

action.

On September 17, 2010, Plaintiff filed a Motion Requesting the Lifting of the Automatic Stay [leading legal case DKT No. 97], concerning all the properties and mortgage notes referenced in the Judgment, in addition to other liens and encumbered real property. The motion contained supporting evidence regarding Debtor's transfer of the four mortgage notes, specifically a copy of the aforementioned state court Judgment as well as a copy of the stipulation approved through the Judgment.

On September 24, 2010, the Trustee filed Trustee's Response to Motion for Relief of Stay Filed By First Bank Puerto Rico [leading legal case Dkt. No. 100]. Although the Trustee did not make any reference to the four mortgage notes for which title had been assigned to the Plaintiff, the Trustee did declare that he had reviewed the motion for relief of stay filed by Firstbank and held no objections for such relief. Furthermore, the Trustee requested that the hearing scheduled for October 5, 2010, pertaining to the Motion for Relief of Stay, be set aside. On September 28, 2010, this Court, upon the Trustee's consent, granted the motion for relief of stay filed by Plaintiff [leading legal case Dkt. No. 102].

On October 8, 2014, Plaintiff filed the instant adversary proceeding, alleging Trustee's retention of all monies received related to the four mortgage notes whose title was transferred to Plaintiff. Through the complaint, Plaintiff requests the court to declare that: (1) Plaintiff holds legal tile to the four mortgage notes; (2) Plaintiff is entitled to all monies Trustee has received and continues to receive from third parties on account of said mortgage notes; (3) the four mortgage notes are not part of the Debtors estate; (4) Trustee has no right to retain any monies on account of the payments owed on the four mortgage notes. Furthermore, Plaintiff requests the court issue a preliminary and permanent order directing Trustee to cease and desist from receiving, applying and

administering any monies on accounts of such mortgage notes and to enter judgment directing the Trustee to deliver to Plaintiff all said monies, plus accrued interest and legal fees.

On December 9, 2014, Trustee filed an Answer to the Complaint and Counter Claim [Dkt. No. 13]. Trustee alleges that Plaintiff has yet to prove that pursuant to the corresponding Registry of Property of Puerto Rico, it is the due holder of the four mortgage notes claimed in its Complaint. In addition, Trustee contends that Plaintiff has failed to show it is in possession of said mortgage notes. Trustee counterclaims that under the provisions of 11 U.S.C. §§ 541, 544, 547(b) and 548, the four mortgage notes appear to be part of the Debtor's estate and that the transfer of such mortgage notes qualifies as an alleged preferential payment by the Debtor to Plaintiff. Furthermore, the Trustee states that he will proceed to amend the Schedules in the case to include the four mortgage notes and thereafter consider if these should be abandoned.

On January 8, 2014, Plaintiff filed a Motion Requesting Dismissal of Counter Claim. Although Plaintiff fails to explicitly state so, it seems Plaintiff predicates its request for dismissal on Trustee's purported failure to state a plausible claim in the counterclaim, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to the present proceeding by Fed. R. Bankr. P. 7012. Plaintiff contends that pursuant to 11 U.S.C. § 546 (a)(1) and considering that more than five years have passed since the Trustee was appointed, the statute of limitations on avoiding powers bars Trustee from filing the counterclaim. Plaintiff states that the documentation included in the proof of claims filed in both consolidated cases and in the Motion Requesting Lifting of Automatic Stay, allowed him to determine if the estate had a cause of action under 11 U.S.C. §§ 545 and/or 547.

On January 22, 2014, Trustee filed his Opposition, raising the doctrine of equitable tolling as the basis to his opposition. Trustee alleges that he has exerted the due diligence required in order to administer the estate and perform his duties and that extraordinary circumstances warrant the

application of said doctrine. These circumstances include: (1) the four mortgage notes object of the instant proceeding were not disclosed as assets in the Debtor's Schedules nor was the transfer of the notes disclosed in the Statement of Financial Affairs; (2) the lack of information and documents provided by the Debtor who is incarcerated; (3) the difficulty Trustee has had in completing a precise accounting of all notes endorsed in favor of the Debtor or transferred to third parties, considering the fraudulent nature of the violations incurred by the Debtor prior to the filing of the bankruptcy petition. Trustee alleges that the motion for relief of stay filed by Plaintiff did not include a copy of the Judgment or of the four mortgage notes claimed in the instant proceeding. In addition,Trustee argues that said motion provided no evidence to the Trustee that would require any further investigation that could lead to the filing of an avoidance action against Plaintiff.

Regarding the proofs of claim filed by Plaintiff, Trustee states that in the ordinary course of the administration of the estate there was no reason to object to the claim filed. Moreover, Trustee calls attention to the fact that Plaintiff's proofs of claim do not have copies of the notes nor any evidence that confirms that the transfers were perfected.

Finally, Trustee maintains that from the pleadings in the case there were no "red-flags" that would lead him to further investigate the claim asserted by Plaintiff and contends that Plaintiff waited for the limitations period established in 11 U.S.C. § 546 to elapse before initiating the instant proceeding, thus imputing Plaintiff "lacks clean hands."

**Dismissal Standard**

A motion to dismiss for failure to state a claim upon which relief may be granted provides a party the opportunity to question the sufficiency of a complaint and the allegations therein contained. See Fed.R.Civ.P. 12(b)(6). Detailed factual allegations are not required in the complaint in order for it to survive a motion to dismiss for failure to state a claim upon which relief may be granted. Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The minimum of allegations, are those that would "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949–1950 (2009) (quoting Twombly, 550 U.S. at 556). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556. The court's determination regarding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), does not express its opinion regarding the merits of the case, but simply determines whether the plaintiff may seek relief based on the allegations in his complaint. If the complaint is sufficient, it will not be dismissed at this early stage of the proceedings because it correctly states a cause of action.

**Legal Analysis**

While the Bankruptcy Code does not expressly contain a tolling provision, courts have recognized that 11 U.S.C. § 546 is subject to the doctrine of equitable tolling. Wiscovitch-Rentas v. Super Roof & Gen. Contr., 405 B.R. 397, 2009 U.S. Dist. LEXIS 55454 (D.P.R. 2009). See Ernst& Young v. Matsumoto (In re United Ins. Mgmt., Inc.), 14 F.3d 1380, 1386, (9th Cir. 1994); In re M&L Business Mach. Co., Inc., 75 F.3d 586 (10th Cir. 1996).

The Supreme Court has acknowledged that equitable principles cannot be raised when a claimant fails to act diligently. Consequently, courts have declined to apply the doctrine of equitable tolling in a case where a party has failed to act diligently in preserving its legal rights. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

The limitations periods in 11 U.S.C. § 546(a) may be equitably tolled when a trustee, despite the exercise of due diligence, fails to timely bring an avoidance action due to fraud,

misrepresentation or extraordinary circumstances beyond the trustee's control. However, if the court finds that the trustee has not acted diligently, the limitation period will not be equitably tolled. 5 COLLIER ON BANKRUPTCY P. 546.02 (Alan N. Resnick & Henry J. Sommer eds. 16th ed).

After reviewing Plaintiff's and Trustee's motions related to the instant proceeding, it appears that under a rigorous application of the statute of limitations found in 11 U.S.C. § 546(a), the Trustee's counter claim is time-barred. According to the record, the Trustee's counterclaim was not filed within two years after the entry of the order for relief nor was it filed within one year after the appointment of the Trustee. Furthermore, the appointment of the Trustee did not occur within two years after the entry of the order for relief.

A thorough inspection of the proofs of claim and the Motion Requesting Lifting of Automatic Stay for Cause [leading legal case Dkt. No. 97] filed by Plaintiff, reveal that no attempt has been made on Plaintiff's behalf to conceal information from the Trustee that could have obstructed the commencement of an avoidance action at an earlier date. Plaintiff included in both docket entries a copy of the Judgment issued by the state court and the stipulation reached by all the parties which stated that the title of the four mortgage notes at issue in this proceeding were transferred to Plaintiff. Moreover, Plaintiff's motion for lift of stay explicitly states that the real properties guaranteeing the aforementioned notes were not included by the Debtor in the Schedules or Statement of Financial Affairs.

Section 704(a)(5) of the Bankruptcy Code imposes on the trustee the duty to examine proofs of claim and to object to the allowance of improper claims. The trustee represents all unsecured creditors and must examine claims and object those he considers to be improper. As an officer of the court, a trustee must exercise reasonable diligence examining debtor's schedules and all other matters filed in the case, including the follow up of all leads that they suggest. 6 COLLIER ON

BANKRUPTCY P. 704.08(Alan N. Resnick & Henry J. Sommer eds. 16th ed). In the case at bar, the Trustee has failed to do so. A close examination of Plaintiff's proof of claim and/or motion requesting lift of stay, would have led Trustee to discover the Judgment and determine, at an early stage in the case, if a potential avoidance action could have existed.

**Conclusion**

Considering Trustee's failure to act diligently in the examination of the proofs of claim and Motion Requesting Lifting of Automatic Stay for Cause filed by Plaintiff, this Court concludes that it would be inequitable to allow the Trustee to use the doctrine of equitable tolling against Plaintiff for a prepetition preference action. The court concludes that pursuant to 11 U.S.C. § 546(a), Trustee's counter claim is time-barred. Accordingly, Plaintiff's Motion to Dismiss is GRANTED. Clerk to enter Judgment.

SO ORDERED

San Juan, Puerto Rico, this 13th day of April, 2015.

Brian K. Tester
U.S. Bankruptcy Judge