**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 09-02852 BKT**<br>**Chapter 7** |
| **NEW YORK MORTGAGE BANKERS, INC.**<br><br>**Debtor** | |
| **FIRSTBANK PR**<br><br>**Plaintiff**<br>**vs.**<br><br>**WIGBERTO LUGO MENDER, CHAPTER 7 TRUSTEE**<br><br>**Defendant** | **Adversary No. 14-00240 BKT**<br><br><br><br>**FILED & ENTERED ON 07/01/2015** |

## OPINION AND ORDER

Before this Court is an *Amended Motion for Reconsideration of Order Dismissing Counterclaim* filed by Defendant, Wigberto Lugo Mender, as Chapter 7 Trustee of the estates of New York Mortgage Bankers, Inc. & Ocean Bay Properties, Inc., ("Trustee"), an *Opposition* to said motion filed by Firstbank Puerto Rico ("Plaintiff"), and Trustee's *Motion Requesting Leave to Reply and Submitting Reply to FBPR's Objection to Motion Requesting Reconsideration of Dismissal of Counterclaim* [Dkt. No',s 25, 33 and 34]. For the reasons set forth below, Trustee's

1

*Amended Motion for Reconsideration of Order Dismissing Counterclaim* is DENIED.

## I.    Factual Background

On April 8, 2009, Debtor, Ocean Bay Properties, Inc. ("Ocean Bay") filed for relief under chapter 7 of the Bankruptcy Code, legal case number 09-02800 (BKT). On April 9, 2009, Debtor, New York Mortgage Bankers, Inc. ("New York Mortgage") followed suit with legal case number 09- 02852 (BKT). The appointment of the Trustee occurred on April 10 and 13, 2009 for the Ocean Bay and New York Mortgage estates, respectively. The first section 341 meeting for both estates took place on May 6, 2009. On March 5, 2010, this Court entered an Order granting the consolidation and joint administration of both estates.

On May 21, 2009, before the consolidation, Plaintiff filed a proof of claim in each of the aforementioned bankruptcy cases. The claim filed by Plaintiff in New York Mortgage's case amounted to $1,565,522.32. Together with the proof of claim, Plaintiff filed as evidence of its security interest, a judgment ("Judgment") entered by the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Ward, on January 30, 2009, notified on February 5, 2009, in the case of Firstbank Puerto Rico vs. New York Mortgage, Inc., A/K/A New York Mortgage Bankers, Inc.; Nancy Hernández Chávez; and Ocean Bay Properties, Inc. (state court case number KCD2008-0640(903)). Through the Judgment, the state court approved a stipulation reached by all the parties and ordered the defendants in the state court proceeding to pay Plaintiff the money owed pertaining to the two causes of action in the lawsuit. In regards to the first cause of action, the state court ordered the Debtors to pay $1,005,959.71 in principal, interest, and legal costs and fees and provided for the foreclosure of a mortgage note, secured by two properties. Regarding the second cause of action, Debtors were ordered to pay $590,511.62

2

in principal, interest, and legal costs and fees, and to assign in favor of Plaintiff four mortgage notes. Each note was secured by a different real property.

On August 17, 2010, the Trustee filed the *Trustee Interim Report* [leading legal case Dkt. No. 96], pursuant to which he abandoned various assets, including the two properties in the first cause of action of the aforementioned Judgment. It should be noted that neither New York Mortgage nor Ocean Bay listed as property of the estate the notes or properties securing the four mortgage notes assigned in favor of the Plaintiff as a result of the state court Judgment for the second cause of action.

On September 17, 2010, Plaintiff filed a *Motion Requesting the Lifting of the Automatic Stay* [leading legal case Dkt. No. 97], concerning all the properties and mortgage notes referenced in the Judgment, in addition to other liens and encumbered real property. The motion contained supporting evidence regarding Debtor's transfer of the four mortgage notes, specifically a copy of the aforementioned state court Judgment as well as a copy of the stipulation approved through the Judgment.

On September 24, 2010, the Trustee filed *Trustee's Response to Motion for Relief of Stay Filed By First Bank Puerto Rico* [leading legal case Dkt. No. 100]. Although the Trustee did not make any reference to the four mortgage notes for which title had been assigned to the Plaintiff, the Trustee did declare that he had reviewed the motion for relief of stay filed by Plaintiff and held no objections for such relief. Furthermore, the Trustee requested that the hearing scheduled for October 5, 2010, pertaining to the Motion for Relief of Stay, be set aside. On September 28, 2010, this Court, upon the Trustee's consent, granted the motion for relief of stay filed by Plaintiff [leading legal case Dkt. No. 102].

3

On October 8, 2014, Plaintiff filed the instant adversary proceeding, alleging Trustee's retention of all monies received related to the four mortgage notes whose title had been transferred to Plaintiff. While, on December 9, 2014, Trustee filed an *Answer to the Complaint and Counter Claim* [Dkt. No. 13]. Trustee alleged that Plaintiff had yet to prove that pursuant to the corresponding Registry of Property of Puerto Rico, it was the due holder of the four mortgage notes claimed in its Complaint.

On January 8, 2014, Plaintiff filed a *Motion Requesting Dismissal of Counter Claim*. Plaintiff contended that pursuant to 11 U.S.C. § 546 (a)(1) and considering that more than five years have passed since the Trustee was appointed, the statute of limitations on avoiding powers bars Trustee from filing the counterclaim. Plaintiff stated that the documentation included in the proof of claims filed in both consolidated cases and in the *Motion Requesting Lifting of Automatic Stay*, allowed Trustee to determine if the estate had a cause of action under 11 U.S.C. §§ 545 and/or 547.

On January 22, 2014, Trustee filed his *Opposition*, raising the doctrine of equitable tolling. Trustee alleged that he had exerted the due diligence required in order to administer the estate and perform his duties and that extraordinary circumstances warranted the application of said doctrine.

Considering Trustee's failure to adequately examine the proofs of claim and *Motion Requesting Lifting of Automatic Stay for Cause* filed by Plaintiff, this Court concluded that it would be inequitable to allow the Trustee to use the doctrine of equitable tolling against Plaintiff for a prepetition preference action. The court concluded that pursuant to 11 U.S.C. § 546(a),

4

Trustee's counter claim is time-barred. Accordingly, Plaintiff's *Motion Requesting Dismissal of Counterclaim* was granted.

In his *Amended Motion for Reconsideration of Order Dismissing Counterclaim*, Trustee restates his arguments and his position that equitable tolling is applicable while alleging possible fraud, concealment of assets, documents or destruction of records. The Trustee further alleges that he had more than 100 mortgage notes to investigate and review and that he was diligent in examining the record.

On the other hand, Plaintiff alleges that the Trustee raises irrelevant and immaterial questions based on an alleged false premise that Plaintiff was required by law to show Trustee the Mortgage Notes on hand. Plaintiff contends that it was Trustee's responsibility to adequately review and examine the claims and that he had sufficient professional help to work out the review of the mortgage notes. Plaintiff claims Trustee failed to satisfy his burden in order to have the court's Opinion and Order [Dkt. No. 19] reconsidered.

**II.    Standard of Review**

Rule 9023 of the Federal Rule of Bankruptcy Procedure provides in part as follows: "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. Accordingly, the 28-day period to file a motion to alter or amend a judgment under Fed. R. Civ. P. 59 is reduced to 14 days, as per Fed. R. Bankr. P. 9023. Id. This 14-day time period is jurisdictional and may not be extended. 10 Collier on Bankruptcy ¶9023.07 (16th ed.). In fact, Rule 9006(b)(2) prohibits the enlargement of any of the time periods established by Rule 9023.

Fed. R. Bankr. P. 9006. Therefore, the Court will consider the Trustee's motion under Fed. R. Civ. P. 60, made applicable to bankruptcy matters under Fed. R. Bankr. P. 9024.

### III.    Legal Analysis

The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006).

A motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202 n. 4 (D.P.R.1999). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or re-argues theories already properly disposed of by the Court. See Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994); Resolution Trust Corp. v. Holmes, 846 F.Supp. 1310, 1316 (S.D.Tex.1994) (footnotes omitted). Summarily, Rule 60(b) is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977).

Federal Rule of Civil Procedure 60(b) seeks to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud. 10 Collier on Bankruptcy ¶ 9024.03 (15th ed. rev.). "[T]he court may relieve a party ... from a final judgment, order, or proceedings for ... mistake, inadvertence, surprise, or excusable

6

neglect." Fed R. Civ. P. 60(b)(1). Rule 60(b)(6) permits relief "for any other reason that justifies relief." Fed R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly. Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir.2002). Such relief is available in our jurisdiction only when exceptional circumstances exist to justify this extraordinary relief. In re Rodriguez Camacho, 361 B.R. 294, (1st Cir.BAP 2007) (citing Simon v. Navon, 116 F.3d 1, 5 (1st Cir.1997)). A party who seeks relief under Rule 60(b) must persuade the court, at a bare minimum, that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted. Rodriguez Camacho, *supra* (citing Karak v. Bursaw Oil Corp. 288 F.3d 15, 19 (1st Cir.2002)).

The purpose of a motion for reconsideration is to bring to the court's attention newly discovered evidence that was not available at the time of the entry of the order, changes in existing law, or errors in the court's application of the law. The court need not consider arguments raised for the first time in a motion for reconsideration. Trustee's *Amended Motion for Reconsideration of Order Dismissing Counterclaim* fails to provide convincing reasons why the court should revisit its April 13, 2015 Opinion and Order. Moreover, Trustee offers no compelling facts or law in support of repealing the court's prior decision. Trustee fails to present mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; a void judgment; a satisfied or discharged judgment; or any other reason justifying relief from the judgment. Thus, Trustee's arguments do not warrant reconsideration by this court.

7

**IV.     Conclusion**

WHEREFORE, IT IS ORDERED that the *Amended Motion for Reconsideration of Order Dismissing Counterclaim* filed by the Trustee shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 1st day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge